■ In the Matter of the Claim of MICHAEL BERTONE, Respondent, v. LA CAL CAUSLE CORPORATION et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by Special Disability Fund from a decision of the Workmen's Compensation Board filed February 5, 1968, holding that the insurance carrier was entitled to reimbursement from the Special Disability Fund for compensation and medical payments paid by the carrier after 104 weeks. The claimant was concededly a second-injury claimant, and received benefits paid by the insurance carrier in the total amount of $8,406 for 186⅘ weeks from June 8, 1960 to January 7, 1964 at the benefit rate of $45 per week. A third-party action instituted by the claimant was settled for $130,000 which settlement was consented to by the carrier which also waived its compensation lien and, in addition, made a contribution of $29,000 towards the settlement under an insuring clause in its policy holding insured employer harmless against third-party liability. The claimant's net recovery was approximately $86,000. The carrier has been awarded reimbursement by the board from the Special Disability Fund for payments made by it after June 6, 1962. (Workmen's Compensation Law, § 15, subd. 8.) The Special Fund contends that the waiver of the lien by the carrier for benefits paid to the claimant does not bind the Special Fund, and that it is entitled to an immediate credit of the third-party action recovery against its liability for any benefits paid in excess of 104 weeks. Where a carrier has paid medical and compensation benefits for 104 weeks in a second-injury case, the responsibility for such payments thereafter become the responsibility of the Special Fund. (*Matter of Dougherty* v. *Quakenbush Waverly Stage Co.,* 10 A D 2d 125, affd. 8 N Y 2d 1095; *Matter of Constant* v. *Constant Spray Painting Co.,* 10 A D 2d 750; *Matter of Browdring* v. *Superior House & Window Cleaning,* 10 A D 2d 751.) Under the statute the Special Fund had no right with respect to the settlement. (Workmen's Compensation Law, § 29, subd. 5.) " As between the carrier and the Special Fund, the latter has no concern with the settlement process nor with the carrier's reimbursement from the proceeds. As between them, the Special Fund's liability is fixed once the carrier had paid medical and compensation benefits for 104 weeks, these being allocated to the second injury, and the responsibility thereafter being that of the Special Fund." (*Matter of Constant* v. *Constant Spray Painting Co., supra.*) The liability of the carrier terminated after compensation and medical benefits had been paid for 104 weeks, and for any additional benefits paid beyond that period, not recoverable by it from the third-party action settlement, it is entitled to be reimbursed from the Special Fund. We find inapposite *Schempp* v. *City of New York* (30 A D 2d 129), a wrongful death action, in which the Appellate Division, First Department, modified a Special Term order disposing of the proceeds of the recovery in the action by directing payment to the Special Disability Fund of the moneys it had paid to a workmen's compensation carrier in reimbursement of the carrier's payments of benefits to plaintiff's intestate's dependents beyond 104 weeks. That case involved the rights of the Special Fund against the plaintiff, both parties being before the court; not, as here, the conflicting contentions of the carrier and the Fund respecting the former's claim for reimbursement of payments made by it for 82⅘ weeks beyond the first 104 weeks. The carrier, having waived its lien, will receive no reimbursement for its payments for 104 weeks. The Fund, although charged with reimbursement for 82⅘ weeks' payments thereafter, has the benefit of the plaintiff's net recovery of $86,000 which, according to the computation made in the Attorney-General's brief, will defer for over 36 years the Fund's liability for the payment of any possible deficiency compensation. Decision affirmed, with

one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.